**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rodriguez Madden,<br><br>    Movant,<br><br>v.<br><br>United States of America,<br><br>    Respondent. | No. CV-18-00573-TUC-RM<br>No. CR-17-00936-RM-LCK<br><br>**ORDER** |

Pending before the Court is Mr. Rodriguez Madden's ("Movant's") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. (Case No. CV-18-00573-TUC-RM, Doc. 4; Case No. CR-17-00936-RM-LCK, Doc. 50). Movant contends that the Court erred by failing to consider his participation in prison programming when determining his sentence under 18 U.S.C. § 3553(a). However, as explained below, Movant was sentenced pursuant to a plea agreement providing for a stipulated sentence of ten months in prison, which the Court accepted and sentenced Movant pursuant to. As the Court accepted the plea agreement, it did not have discretion to impose a sentence other than that stipulated to. Accordingly, the Motion will be denied, and the civil case opened in connection with this matter will be dismissed.

**I.    Background**

Movant was indicted on one count of Assault on a Federal Officer under 18 U.S.C. §§ 111(a)(1) and 7(3) and one count of Possession of Contraband in Prison under 18 U.S.C.

§ § 1791(a)(2), (b)(4), and (d)(1)(F). (Doc. 1.)[1] At the time of his indictment, Movant was incarcerated at the Federal Correctional Institution in Tucson on an unrelated matter. (*Id.*) The indictment alleged that he was caught with a cell phone – prohibited contraband in federal prison – and lunged at the correctional officer who discovered the phone. (*Id.*) He pled not guilty to both counts. (Doc. 8.)

As trial approached, the Court held a change of plea hearing at the parties' request. (Doc. 37). At the hearing, the parties presented the Court with a written plea agreement under which Movant would plead guilty to Possession of Contraband, a misdemeanor, and the Government would dismiss the felony charge of Assault on a Federal Officer. (Docs. 39, 40). The plea agreement contained a stipulation to a ten-month sentence on the Possession of Contraband charge. (Doc. 40.) Movant entered a plea of guilty as to the Possession of Contraband charge pursuant to the written plea agreement. (Doc. 39.)

At sentencing, the Court reviewed the plea bargain agreement, clarifying that Movant's ten-month stipulated sentence would run consecutive to an unrelated case in a different district. (Doc. 52.) The Court noted that the agreement called for waiver of a presentence report and found that "given the sentence that the parties have agreed to, there is no need for the presentence report." (*Id.*) The Court then found that the stipulated "sentence does meet the factors of sentencing under Title 18 U.S.C. 3553(a)" and indicated that the Court would "accept the agreement." (*Id.*) Movant's defense counsel addressed the Court, observing that "Movant realizes he is very fortunate that this case was resolved in the manner it was, with this misdemeanor." (*Id.*) The Court sentenced Movant to the stipulated term of ten-months incarceration. (Doc. 49.)

Movant then brought the instant Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. (Case No. CV-18-00573-TUC-RM, Doc. 4; Case No. CR-17-00936-RM-LCK, Doc. 50). In Ground One, Movant argues that the Court erred by failing to consider his participation in prison programming during

---

[1] Unless otherwise specified, citations to the CM/ECF docket refer to the underlying criminal case in this matter, Case No. 17-cr-00936-RM-LCK in the United States District Court for the District of Arizona.

sentencing. (*Id.*) In Ground Two, Movant argues that his attorney provided ineffective assistance of counsel by failing to raise Movant's participation in prison programming during sentencing. (*Id.*)

## II. Discussion

Federal Rule of Criminal Procedure 11 provides that the parties may "agree that a specific sentence or sentencing range is the appropriate disposition of the case . . . Such a plea agreement is binding on the court once it is accepted by the court." Fed. R. Crim. P. 11(c)(1)(C). Once a court accepts a plea agreement with a stipulated sentence, the court "lacks discretion to impose a different sentence; if the court decides that a different sentence is required, approval of the plea agreement must be withdrawn, and the parties must be returned to their pre-plea posture." *United States v. Cervantes-Valencia,* 322 F.3d 1060 (9th Cir. 2003).

Consistent with this provision of Rule 11, Movant's plea agreement contains the following language:

> <u>Agreement Regarding Sentencing</u>
>
> (A) Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agree that the following is an appropriate disposition of this case: **10 months imprisonment**, running **consecutive** to any current term of imprisonment being served by the defendant.

(Doc. 40, emphasis original.) At Movant's sentencing hearing, the Court reviewed the plea agreement, finding that the stipulated sentence "does meet the factors of sentencing under Title 18 U.S.C. 3553(a)." (Doc. 52.) The Court explicitly stated that it would accept the plea agreement. (*Id.*)

18 U.S.C. § 3553(a) lays out several factors that the Court must consider in imposing a sentence. At Movant's sentencing, the Court noted that it considered those sentencing factors in deciding to accept the plea agreement. (Doc. 52.) Once the Court accepted the plea agreement, the court "lack[ed] discretion to impose a different sentence" than the one the parties had stipulated to. *Cervantes-Valencia,* 322 F.3d at 1062. Movant does not argue

that his acceptance of the plea agreement was unknowing or involuntary; rather he argues that the Court erred by sentencing Movant to the stipulated ten-month term. (Doc. 4.) As the stipulated term was "binding" upon the Court, however, the Court did not err in imposing the stipulated sentence. Fed. R. Crim. P. 11(c)(1)(C).

Movant's Ground Two for relief fails for the same reason. Movant argues that his attorney rendered ineffective assistance of counsel by failing to argue for a lesser sentence based on his participation in prison programming. (Doc. 4.) Under *Strickland v. Washington,* 466 U.S. 668, 688 (1984), Movant must show both that his counsel's performance was deficient and that his counsel's deficient performance prejudiced him. Here, Movant cannot show that his attorney provided constitutionally defective representation by not arguing for a sentence reduction. As the Court was bound by the stipulated sentence, there would have been no benefit to Movant in his counsel raising this argument, and so his counsel's decision not to raise this argument is clearly "within the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart,* 472 U.S. 52, 56 (1985). Similarly, as the Court was bound by the stipulated sentence regardless, Movant cannot demonstrate that he was prejudiced by any ineffective assistance of counsel. He would have received the same sentence even if his attorney had raised his programming participation at sentencing.

Accordingly,

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

**IT IS ORDERED:**

(1) Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 50 in No. CR-17-00936-RM-LCK) is **denied** and the civil action opened in connection with this Motion (No. CV-18-00573-RM) is **dismissed**. The Clerk of Court shall enter judgment accordingly.

(2) Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Movant files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 25th day of February, 2020.

_____
Honorable Rosemary Márquez
United States District Judge